IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN EDWARD DORMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1045-RGA |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., et al., | : |
| Defendants. | : |

Alan Edward Dorman, Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 17, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Alan Edward Dorman, an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court screens and reviews the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## BACKGROUND

Plaintiff injured his finger on August 15, 2016 while playing basketball at SCI. He submitted a sick call clip and received treatment a few days later. The pain and swelling worsened and Plaintiff submitted another sick call slip. He was seen by a nurse who referred Plaintiff to a "medical provider." Several weeks passed before Plaintiff was seen by Defendant Dr. Curtis Harris who ordered an x-ray and prescribed Tramadol for pain. Plaintiff refused to take the medication after a few days because he is a recovering addict. Several weeks passed without action by the medical department.

Plaintiff submitted a medical grievance on October 6, 2016, complained that he had been waiting for over three weeks for an x-ray, and explained that his finger was possibly broken and might need surgery. Plaintiff was x-rayed a couple of weeks later. Several days after that he received x-ray results in the mail, which indicated there was no damage to his finger. However, his finger was swollen, he had pain and discomfort, and could not straighten the finger or grip with it.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

Plaintiff submitted another medical grievance on November 11, 2016. The grievance was upheld with instructions for SCI medical to ensure that consultation orders were implemented in a timely manner. Soon thereafter, Plaintiff was taken to an outside surgical center and x-rayed. The x-rayed revealed a fracture and ligament damage that had healed. Physical therapy was ordered but discontinued after several sessions because there was no improvement.

Plaintiff alleges Dr. Harris was deliberately indifferent to his serious medical needs in delaying treatment and failing to order or delaying a consult with an outside specialist. He alleges Defendant Jill Moser, SCI Medical Director, was deliberately indifferent by denying and delaying a consultation to an outside specialist. Plaintiff alleges former SCI warden G.R. Johnson was deliberately indifferent in failing to ensure the medical contract provider abided by its contract to provide adequate care. Finally, Plaintiff alleges that Defendant Connections Community Support Programs, Inc. was deliberately indifferent in failing to take steps to ensure that Plaintiff received needed treatment.

Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

### SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

2

defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

3

plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

4

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

As pled, the Complaint states an actionable claim against Dr. Harris. It does not state actionable claims against the other defendants. For example, the only allegations against Moser are raised in a conclusory manner that she denied and delayed a consultation to an outside specialist. The sparse facts do not give rise to a claim against her. Similarly, the sparse facts against Johnson do not give rise to an actionable claim. In addition, it appears that Moser and Johnson are named as defendants based upon their supervisory positions. However, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

Finally, when a plaintiff relies upon a theory of respondeat superior to hold a corporation like Connections liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). In order to establish that Connections is directly liable for the alleged constitutional

5

violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). There are no such allegations.

Therefore, the claims against Moser, Johnson, and Connections will be dismissed for failure to state claims upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate § 1983 claims, he will be given an opportunity to amend his pleading.

## CONCLUSION

For the above reasons, the Court will dismiss the claims against Moser, Johnson, and Connections for failure to state claims upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and will allow Plaintiff to proceed with the claim against Dr. Harris. Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.